Troy Rutherford, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

409 S.W.2d 535.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

Lee Asbury, Jacksboro, for plaintiff in error.

George F. McCanless, Attorney General, Robert F. Hedgepath, Assistant Attorney General, Nashville, for

defendant in error; and J. H. McCARTT, District Attorney General, Wartburg, prosecuted the case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Campbell County, Tennessee.

The parties will herein be referred to as they appeared in the trial court; that is, plaintiff in error Troy Rutherford as defendant, and defendant in error as the State.

The defendant was indicted on October 20, 1965, for the offense of assault with intent to commit murder in the first degree. The defendant was tried on October 26, 1965, and found guilty as charged in the indictment. The jury fixed his maximum punishment at three years in the State Penitentiary. The defendant timely made a motion for new trial, which was overruled, and judgment was entered sentencing the defendant to not more than

·nor less than three years in the State Penitentiary. Appeal has been perfected to this Court. No Bill of Exceptions containing the proceedings at the trial of the cause has been filed in this Court. However, a Bill of Exceptions containing the proceedings at the hearing on the motion for new trial has been filed.

Defendant's assignments of error are as follows:

"1. The Honorable Trial Court erred in refusing to grant a new trial in this cause for the reason that the proof conclusively shows that Section 22-230 of the Tennessee Code Annotated requiring the names to be withdrawn from the jury box by a child under 10 years of age was not complied with.

2. The Honorable Trial Court erred in refusing to grant a new trial in this cause for the reason that the proof introduced at the hearing of the motion for a new trial shows conclusively that jurors selected for the panel from which the Grand Jury and the trial jurors were later chosen for the October 1965 term of Campbell County Criminal Court, were not selected by lot and further that persons names were drawn from the jury box and excluded from jury service who had not died, removed from the County or become physically or mentally disabled."

These assignments of error both relate to the action of the trial court on the motion for a new trial.

██ This Court, after a careful reading of the record of what transpired at that hearing concludes that the proof did show that T.C.A. sec. 22-230 was not complied with; and further, that the Jury Commissioners exceeded their authority by excluding certain classes of persons from the jury list without statutory authoriza-

tion. However, we must hold that this does not affect the validity of any of the prior proceedings in this case. This for the reason that no irregularity was specifically pointed out and no exception taken thereto before the jury was sworn. It cannot be plausibly argued on this record that any fraud occurred. In fact, the absence of fraud is admitted. One of these two elements—(1) the pointing out of the alleged irregularity and taking exception thereto before the jury is sworn, or (2) the presence of fraud, is indispensable for irregularities, such as those present in this case, to affect the validity of the irregularly selected jury's actions. This inescapably follows from the terms of T.C.A. sec. 22-239, which reads as follows:

> "22-239. Validity unaffected by irregularities unless exceptions taken.—In the absence of fraud no irregularity with respect to the provisions of this chapter or the procedure thereunder shall affect the validity of any selection of any grand jury, or the validity of any verdict rendered by a trial judge unless such irregularity has been specially pointed out and exceptions taken thereto before the jury is sworn."

The clarity and thrust of the foregoing Code Section leave no reason for statutory construction or the consideration of other general arguments and outside authorities.

The judgment of the trial court is affirmed and the costs of this appeal are assigned against plaintiff in error.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.